**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,    )
                             )
                Plaintiff,   )    **CRIMINAL ACTION**
                             )
v.                           )    No.  05-10254-01-MLB
                             )
STEVEN C. PERRINE,           )
                             )
                Defendant.   )
_____)

**ORDER**

This case is before the court on a number of pretrial motions filed by defendant in which he asks the court to suppress evidence, dismiss certain counts related to child pornography, or otherwise limit the government's presentation of evidence at trial. (Docs. 14, 15, 16, 17, 18, 19.)  The court held a hearing on May 3, 2006, at which only a limited amount of evidence was actually presented. Following that hearing, the court endeavored to rule on the pending motions; however, one motion raised some questions that were not addressed at the hearing, and to which the government has not otherwise had an opportunity to respond.  Resolution of this particular motion may have a significant bearing on the case; therefore the court finds it necessary to delay the trial, which was scheduled to begin on May 9, 2006, in order to allow additional briefing and, perhaps, an evidentiary hearing regarding the questions raised in the relevant defense motion.

The motion at issue is defendant's motion to suppress evidence. (Doc. 19.)  In the initial motion, defendant limited his arguments to the theory that Pennsylvania authorities obtained his subscriber

information from certain internet providers in violation of the Cable Communications Policy Act, 47 U.S.C. § 551, and the Fourth Amendment Id. Therefore, he argued, that evidence should be suppressed, along with the evidence subsequently obtained from a search of his home and his computer, because the latter evidence was so-called "fruit of the poisonous tree." Id. at 3. The government responded to the motion. (Doc. 29.) However, on the day before the hearing, defendant filed a reply in which he raised a number of new arguments, including a claim that the warrant that authorized a search of his computer was invalid because it imposed no limitations on the search. (Doc. 30 at 8-10.) The government did not respond to these new allegations. Indeed, it is unclear whether, as of the time of the hearing, the government was even aware of this new filing.

After reviewing defendant's reply, the court finds that it would be helpful to have the government respond to the new theories raised therein.[1] The warrant described the items to be searched and/or seized, in relevant part, as follows:

> Any unknown computer which consists of any equipment which can collect, analyze, creates, display, convert, store, conceal, or transmit electronic, magnetic, optical, or devices (such as central processing units and memory typewriters); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, CD-ROM drives and disks, DVD drives and disks, optical storage devices, and other memory storage devices); and related communications devices (such as modems, cables and connections, recording equipment, which may be, or is used to generate communication with

---

[1] The argument regarding the warrant's lack of particularity was not the only new issue raised in defendant's reply. Accordingly, the government is free to respond to all new issues raised in that filing.

-2-

> others regarding child exploitation or the
> production,, possession or distribution of child
> pornography as described in K.S.A. 21-3516.
>
> . . . .
>
> To forensically process and search in a
> controlled setting <u>all electronic media</u>,
> including but not limited to internal and
> peripheral storage devices such as fixed disks,
> external hard disks, floppy disks, and other
> memory storage devices for the purpose of viewing
> and/or retrieving for evidentiary purposes <u>all
> data</u> including electronic images, documents and
> stored electronic communications.

(Doc. 30 at 8-9 (emphasis added).)[2]  Defendant contends that the highlighted language violates the particularity requirement imposed on warrants by the Fourth Amendment.  <u>Id.</u> at 10.  The argument is not clearly meritless; therefore the government should respond.  Defendant will be given an opportunity to reply; but this time, defendant shall focus on the government's response and avoid injecting new theories into the case.

In addition to legal argument, the parties are also directed to address whether another evidentiary hearing should be held.  In reviewing the scant evidence actually presented at the first hearing, and even considering the facts which the parties apparently agreed were not in dispute, there are still a number of unanswered questions about what exactly happened in this case.  For example, the application for search warrant that the government provided at the hearing is an unsigned copy that appears to be an application for a warrant to obtain Yahoo! subscriber information from some business in

---

[2] Other such paragraphs may also be relevant in deciding this issue.  The court merely quotes these two in order to direct the parties to the issue which precipitated this order.

-3-

California.  By contrast, this does not appear to be the application for the warrants that were issued to search defendant's home and his computer.  Likewise, there is no evidence regarding what was contained in the application and supporting affidavit for the searches of defendant's residence and computer.  Nor is their any evidence regarding whether the affidavit was attached to the warrant, assuming that has any bearing on this issue.  Continuing, no evidence was presented regarding who executed the searches, how they were conducted, how those individuals understood and applied the parameters of the search, and/or whether the actual search exceeded the scope authorized by the warrant.

Perhaps this information is irrelevant.  If so, the parties can so stipulate, and the court will attempt to decide the matter based on the text of the warrant, alone.  However, given the dearth of facts previously described, the court is hesitant to decide the matter without more briefing.

Additionally, the parties are directed to address burdens of proof.  While defendant clearly has the initial burden when challenging a search pursuant to a warrant, United States v. Carhee, 27 F.3d 1493, 1496 (10th Cir. 1994), the parties should provide authority regarding any shifts in the burden depending on the facts of the search and the theories by which either party attempts to support or challenge the legality thereof.

IT IS THEREFORE ORDERED that the government shall file a response as addressed herein not later than May 10, 2005.  Defendant shall file any reply by May 15, 2005.  Briefs shall not exceed ten double-spaced pages, not including exhibits.  An evidentiary hearing

-4-

is tentatively scheduled for May 30, 2006.

Dated this 5th day of May 2006, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE