**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 05-10254-01 |
| | ) | |
| STEVEN C. PERRINE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the court are the following:

1.   Defendant's motion for judgment of acquittal and government's response (Docs. 50 and 55);

2.   Defendant's motion for arrest of judgment and government's response (Docs. 51 and 56); and

3.   Defendant's motion for new trial and government's response (Docs. 52 and 57).

<u>Background</u>

Defendant stands convicted by a jury of distribution of a visual depiction of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); receipt of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); possession of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. 2252(a)(4)(B); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and criminal forfeiture in violation of 18 U.S.C. §§ 2253 and 2461.

The parties are familiar with the standards pertaining to all of defendant's motions.

Motion for Judgment of Acquittal

The majority of defendant's arguments essentially are that the government's evidence was insufficient to meet its burden of proof on the elements of the offenses. The government's evidence on all counts was overwhelming.

Defendant's motion for judgment of acquittal (Doc. 50) is denied.

Motion for Arrest of Judgment

Defendant contends that the government's evidence pertaining to count 3 charging a violation of 18 U.S.C. § 2252(a)(4)(B) was not sufficient to satisfy the interstate commerce element and that prosecution of the child pornography counts is barred by the statute of limitations. The defendant's arguments were considered and rejected in this court's Memorandum and Order of May 18, 2006 (Doc. 37). The court is not persuaded that it should reconsider its rulings.

Accordingly, defendant's motion for arrest of judgment (Doc. 51) is denied.

Motion for New Trial

Defendant contends that he was the victim of outrageous government conduct, that he has been subjected to cruel and unusual punishment, that his rights under the Confrontation Clause have been violated and that the warrant searches and seizures of his computer equipment and firearms violated the Fourth Amendment. Each of these arguments was extensively considered and rejected in the court's Memorandum and Order of May 18. Since the preparation of that Order, the Supreme Court has decided Davis v. Washington,

-2-

126 S. Ct. 2266 (June 19, 2006).  There is nothing in that opinion which supports defendant's Confrontation Clause arguments.  The court declines to change its earlier rulings.

Defendant's only other argument in support of a new trial is that the court erred in exercising its discretion under Fed. R. Evid. 403 to admit some 400 out of 16,000 images of child pornography possessed by defendant.  The court declines to revisit its ruling.

Accordingly, defendant's motion for new trial (Doc. 52) is denied.

IT IS SO ORDERED.

Dated this   12th   day of July 2006, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE